IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
No. ___1:22-cv-00483___

JAMES JORDAN, et.al,

       Plaintiffs,

       v.

GREG E. LINDBERG,

       Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**CLASS ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiffs James Jordan, CBS Insurance, Inc., Employers First Choice Insurance Services Inc., James Helbig, Bret Fields, Target, Inc., Lenny Miller, Chris Benkendorf, National Benefits Group Midwest LLC, Michael Tolomei, Thomas Fletcher, Certified Financial Services Inc. f/k/a Fletcher & Associates LTD., Americas Health Care / RX Plan Agency, Inc., Michael Nordquist, Consolidated Financial Group, LLC, Benefits for America Insurance Services, Inc., and Plan America Financial Services, Inc. (collectively "Plaintiffs") files this Class Action Complaint ("Complaint") against Greg E. Lindberg ("Lindberg") and states the following:

## NATURE OF THE ACTION

1.     Plaintiffs were former insurance agents or agencies duly authorized to solicit, negotiate, issue, and/or sell insurance policies issued by Colorado Bankers Life Insurance Company ("CBL") for the benefit of CBL and Preferred Financial Corporation ("PFC"), which are each owned, operated, and/or controlled by Lindberg as his business conglomerate for financial benefit.

1

2.     In or around July of 2019, Plaintiffs, along with a large group of other insurance agents/agencies across the country, were, suddenly and without warning, blocked from receiving commissions that were due to be paid on an ongoing basis. Plaintiffs and all others similarly situated had earned commissions associated with the selling and servicing of policies issued by CBL and were and are entitled to be compensated for these earned commissions. Notwithstanding the same, PFC and CBL failed to pay these commissions that are due and owing.

3.     Lindberg, who owned and managed many insurance companies and related entities, purchased majority or full ownership of PFC and CBL directly or indirectly through his other entities.  His use of corporate entities to maintain this ownership was not a legitimate business purpose; it was a mere instrumentality which he attempted to use as a protective shield, behind which he unlawfully enjoyed a lavish and excessive lifestyle to the detriment of others, including Plaintiffs.

4.     After many of these and many other relevant facts came to light, Lindberg eventually agreed to cede control of his insurance companies to rehabilitators with the State of North Carolina's Department of Insurance. Investigations and subsequent litigation related to Lindberg's dealings revealed that he "acted with deceit and with the intent to defraud"[1] the companies with which he entered a rehabilitation agreement to help restore and repay policyholders and creditors.

5.     For example, PFC was a Lindberg-owned entity whose sole purpose ostensibly was to contract with insurance agents like Plaintiffs to sell policies for other Lindberg-owned entities like CBL. CBL (and Lindberg) would receive the premium payments on the policies sold

---

[1] See May 19, 2022 WUNC and AP coverage concerning Hon. Graham Shirley's Order on Lindberg and his companies: https://www.wunc.org/news/2022-05-19/judge-nc-insurance-mogul-defrauded-companies-he-invested-in

by PFC agents.

6.      Upon information and belief, PFC had no assets and <u>never</u> had an ability to independently pay the commissions owed to Plaintiffs. Prior to July, 2019, those commissions were paid by CBL or other Lindberg-owned entities. PFC was a true 'shell' corporation to accept Lindberg's liabilities without accompanying assets to satisfy those liabilities.

7.      Plaintiff have previously filed a class action complaint in this Court against PFC, Case No. 1:21-CV-914[2] (the "Related Action"), and now bring this separate action against Lindberg individually.

8.      Plaintiffs, on behalf of themselves and all other agents similarly situated, bring this action to recover unpaid commissions unlawfully and willfully withheld by PFC and CBL, and indirectly by Lindberg.

## **<u>PARTIES</u>**

9.      The foregoing allegations are incorporated by reference and realleged herein.

10.      Plaintiff James Jordan is a citizen and resident of Arizona who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

11.      Plaintiff CBS Insurance, Inc. is a corporation organized and existing pursuant to the laws of the state of Arizona who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract with PFC for the benefit of PFC and CBL.

12.      Plaintiff Employers First Choice Insurance Services Inc. is a corporation organized

---

[2] Plaintiffs sought consent of PFC to amend and add Lindberg individually to the Related Action but PFC objected. Out of an abundance of caution regarding any statute of limitations concerns, Plaintiffs file this separate action against Lindberg and anticipate filing a motion to consolidate this matter with the Related Action.

3

and existing pursuant to the laws of the state of California who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract with PFC for the benefit of PFC and CBL.

13.     Plaintiff James Helbig is a citizen and resident of St. Charles, Missouri who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract with PFC for the benefit of PFC and CBL.

14.     Plaintiff Bret Fields is a citizen and resident of Clifton, Virginia who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

15.     Plaintiff Target, Inc. is a corporation organized and existing pursuant to the laws of the state of Virginia who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract with PFC for the benefit of PFC and CBL.

16.     Plaintiff Lenny Miller is a citizen and resident of Baltimore, Maryland who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

17.     Plaintiff Chris Benkendorf is a citizen and resident of Belleville, Illinois who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

18.     Plaintiff National Benefits Group Midwest LLC is limited liability company organized under the laws of the state of Illinois who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

19.     Plaintiff Michael Tolomei is a citizen and resident of Michigan who, during all

relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract with PFC for the benefit of PFC and CBL.

20.     Plaintiff Thomas Fletcher is a citizen and resident of Arizona who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

21.     Plaintiff Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd. is limited liability company organized under the laws of the state of Arkansas, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between itself and PFC for the benefit of PFC and CBL.

22.     Plaintiff America's Health Care/RX Plan Agency, Inc. is a corporation organized under the laws of the state of Delaware who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between itself and PFC for the benefit of PFC and CBL.

23.     Plaintiff Michael Nordquist is a dual citizen and resident of Nevada who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between himself and PFC for the benefit of PFC and CBL.

24.     Plaintiff Consolidated Financial Group, LLC is a limited liability company organized under the laws of the state of Nevada who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between itself and PFC for the benefit of PFC and CBL.

25.     Upon information and belief, Defendant Lindberg is a citizen and resident of Durham County, North Carolina, who is temporarily imprisoned under federal custody in Montgomery, Alabama.

## JURISIDICTION AND VENUE

26.     The foregoing allegations are incorporated by reference and realleged herein.

27.     This Court has jurisdiction over the parties.

28.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (d).

29.     This action is located within the proper judicial district and division as the Durham County Superior Court is located within the boundaries of this Court and its division.

## GENERAL BACKGROUND

30.     The foregoing allegations are incorporated by reference and realleged herein.

31.     Upon information and belief, in the early 1990s, Lindberg began operating in the insurance industry, whereby he, through his company Eli Global LLC, would purchase or invest in various insurance companies and products.[3]

32.     CBL was an insurance company organized, upon information and belief, to create, market, and issue four primary insurance policies: (1) a split fund life insurance policy with an annuity rider and an option to open a standalone annuity policy (known as a "security builder"); (2) a 10-year term life insurance policy with a critical illness rider; (3) an accident medical expense policy and an accidental injury policy; and, (4) a "final expense policy" to cover an insured's funeral expenses (hereinafter the "CBL Policies").

33.     PFC acted essentially as a "holding company" of CBL.

34.     Upon information and belief, Lindberg, either personally or by and through one of his many holding companies (including but not limited to Eli Global, LLC), became the sole or majority owner of CBL and PFC, using parent- or subsidiary-entity companies as

---

[3] Eli Global has since been renamed to Global Growth, LLC and upon information and belief, undergone structural and management changes over the years and more recently since Lindberg's imprisonment.

instrumentalities to conduct CBL and PFC's business.

35. Upon information and belief, PFC and its affiliate entities—including CBL and potentially many other related or commonly owned entities—are merely shell companies which have been used by Lindberg to fund his personal lifestyle and enrich his other business ventures, at a cost and risk to his insurance companies' stakeholders, including Plaintiffs. For example, upon information and belief, these activities include "at least $2 billion in loans [Lindberg's] insurers made to some of Mr. Lindberg's other business entities."[4]

36. Plaintiffs and all others similarly situated had a direct contractual relationship with PFC to sell CBL Policies ("PFC/CBL Contract Holders"), who may have contractual relationships or agreements with other agents who were granted licenses to sell, solicit, and negotiate life insurance and annuity contracts on behalf of PFC and CBL ("PFC/CBL Agents").

37. PFC/CBL Contract Holders and the PFC/CBL Agents earn commissions based upon the payment of CBL Policy premiums paid by CBL Policyholders in accordance with commission schedules maintained by PFC/CBL, PFC/CBL Contract Holders, and the PFC/CBL Agents.

38. PFC/CBL Contract Holders include but are not necessarily limited to: Managing General Agents/Agencies ("MGA"), General Agents/Agencies ("GA"), and Independent Marketing Organizations ("IMO").

39. MGAs, GAs, and IMOs may have PFC/CBL Agents operating as insurance agents directly underneath them. In these circumstances, the PFC/CBL Contract Holders and the PFC/CBL Agents have an agreement to share the commissions according to a pre-arranged split. In certain circumstances, PFC/CBL agreed to directly pay the shared commission amongst the

---

[4] See: https://www.wsj.com/articles/indicted-insurance-executive-greg-lindberg-hires-former-fbi-chief-for-aid-11571937739

PFC/CBL Contract Holders and the PFC/CBL Agents.

40.     PFC/CBL Contract Holders and PFC/CBL Agents are responsible for servicing and maintaining relationships with CBL Policyholders even after the sale of the specific CBL Policy.

41.     Although Plaintiffs generally communicated directly with CBL in the selling, soliciting, or negotiating of CBL Policies, in practice, PFC held itself out to the public, to agents/agencies, and to policyholders as doing business as CBL or being one-of-the-same with CBL. For example, in the contracts with various agencies, agents, or independent marketing organizations ("IMO"), PFC and CBL would be used interchangeably. Additionally, when commissions were electronically deposited into Plaintiffs' account or when physical commission checks were issued, they interchangeably referenced "Colorado Bankers Life," "Preferred Financial Corporation, "Colorado Bankers Life / PFC", "CBLife" "PFC," or some other iteration of the same. Similarly, earnings statements for PFC/CBL Contract Holders and the PFC/CBL Agents were maintained on CBL's website, but would identify "Preferred Financial Corporation" on the statement. Moreover, upon information and belief, 1099-Misc. forms related to the payment of commissions on CBL Policies were issued to agents from PFC, not from CBL.

42.     In fact, CBL and PFC were asked by agents on various occasions to be more careful in how the entities held themselves out to the public due to the confusion of policyholders.

43.     These actions, which on a surface level appear to be evidence of mismanagement, tax avoidance, or other liability-shielding actions, also served a more surreptitious purpose: they allowed Lindberg to use the entities as conduits for improper personal enrichment at the expense of policyholders, legitimate insurance companies, and insurance brokers who earned monies which were not being paid.

44.     Upon information and belief, during all relevant time periods, PFC jointly employed the individuals who operated, controlled, and managed CBL.

45.     Upon information and belief, during all relevant time periods, CBL and PFC jointly employed the individuals who made the decision not to appropriately compensate Plaintiffs and all others similarly situated.

46.     Upon information and belief, PFC maintained significant operational control over the day-to-day decisions at CBL, including with respect to the payment of the commissions owed to Plaintiffs and all others similarly situated.

47.     PFC and CBL all maintain identical principal office addresses, mailing addresses, and registered agents.

## PLAINTIFFS' SPECIFIC BACKGROUND

*CBS Insurance, Inc.*

48.     Plaintiff CBS Insurance, Inc. was a PFC/CBL Contract Holder in that it was an MGA in relation to CBL/PFC.

49.     Plaintiff CBS Insurance, Inc. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between CBS Insurance, Inc. and PFC for the benefit of PFC and CBL.

50.     Plaintiff CBS Insurance, Inc., through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

51.     Plaintiff CBS Insurance, Inc. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019.

9

Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to CBS Insurance, Inc.

52.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff CBS Insurance, Inc. for the CBL Policies issued, sold, or serviced on its behalf.

*James Jordan*

53.    During all relevant times, Plaintiff James Jordan was a PFC/CBL Contract Holder in that he was a GA for CBL/PFC.

54.    Plaintiff James Jordan solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

55.    Plaintiff James Jordan was appropriately paid commissions for the CBL Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

56.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff James Jordan for the CBL Policies he issued.

*Employers First Choice Insurance Services Inc.*

57.    Plaintiff Employers First Choice Insurance Services Inc. was a PFC/CBL Contract Holder in that it was an MGA in relation to CBL/PFC.

58.    Plaintiff Employers First Choice Insurance Services Inc. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between Employers First Choice Insurance Services Inc. and PFC for the benefit of PFC and CBL.

59.    Plaintiff Employers First Choice Insurance Services Inc., through its insurance

agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

60.     Plaintiff Employers First Choice Insurance Services Inc. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to Employers First Choice Insurance Services Inc.

61.     PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Employers First Choice Insurance Services Inc. for the CBL Policies issued, sold, or serviced on its behalf.

*James Helbig*

62.     Plaintiff James Helbig was a PFC/CBL Contract Holder in that he was an MGA in relation to CBL/PFC.

63.     Plaintiff James Helbig was, during all relevant time periods, duly authorized to, through his agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between James Helbig and PFC for the benefit of PFC and CBL.

64.     Plaintiff James Helbig, through his insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

65.     Plaintiff James Helbig was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by him and his agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to

11

James Helbig and the agents and independent contractors under him.

66. PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff James Helbig for the CBL Policies issued, sold, or serviced by him or on his behalf.

*Bret Fields*

67. During all relevant times, Plaintiff Bret Fields was a PFC/CBL Contract Holder in that he was an GA for PFC/CBL.

68. Plaintiff Bret Fields solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

69. Plaintiff Bret Fields was appropriately paid commissions for the CBL Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

70. PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Bret Fields for the CBL Policies he issued.

*Target, Inc.*

71. Plaintiff Target, Inc. was a PFC/CBL Contract Holder in that it was a GA in relation to CBL/PFC.

72. Plaintiff Target, Inc. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between Target, Inc. and PFC for the benefit of PFC and CBL.

73. Plaintiff Target, Inc., through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

12

74.     Plaintiff Target, Inc. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to Target, Inc.

75.     PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Target, Inc. for the CBL Policies issued, sold, or serviced on its behalf.

*Lenny Miller*

76.     During all relevant times, Plaintiff Lenny Miller was a PFC/CBL Contract Holder in that he was a GA for CBL/PFC.

77.     Plaintiff Lenny Miller solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

78.     Plaintiff Lenny Miller was appropriately paid commissions for the CBL Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

79.     PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Lenny Miller for the CBL Policies he issued.

*Chris Benkendorf*

80.     During all relevant times, Plaintiff Chris Benkendorf was a PFC/CBL Contract Holder in that he was an IMO for PFC/CBL.

81.     Plaintiff Chris Benkendorf solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

82.     Plaintiff Chris Benkendorf was appropriately paid commissions for the CBL

13

Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

83.     PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Chris Benkendorf for the CBL Policies he issued or that were issued by other agents on his behalf.

*National Benefits Group Midwest LLC*

84.     Plaintiff National Benefits Group Midwest LLC was a PFC/CBL Contract Holder in that it was an IMO in relation to CBL/PFC.

85.     Plaintiff National Benefits Group Midwest LLC was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between National Benefits Group Midwest LLC and PFC for the benefit of PFC and CBL.

86.     Plaintiff National Benefits Group Midwest LLC, through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

87.     Plaintiff National Benefits Group Midwest LLC was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to National Benefits Group Midwest LLC.

88.     PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff National Benefits Group Midwest LLC for the CBL Policies issued, sold, or serviced on

14

its behalf.

*Michael Tolomei*

89.     During all relevant times, Plaintiff Michael Tolomei was a PFC/CBL Contract Holder in that he was an IMO for PFC/CBL.

90.     Agents and independent contractors on behalf of Plaintiff Michael Tolomei solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

91.     Plaintiff Michael Tolomei was appropriately paid commissions for the CBL Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

92.     PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Michael Tolomei for the CBL Policies he issued or that were issued by other agents on his behalf.

*Thomas Fletcher*

93.     During all relevant times, Plaintiff Thomas Fletcher was a PFC/CBL Contract Holder in that he was an IMO for PFC/CBL.

94.     Plaintiff Thomas Fletcher solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

95.     Plaintiff Thomas Fletcher was appropriately paid commissions for the CBL Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

96.     PFC and Lindberg have no lawful basis to avoid paying the commissions to

15

Plaintiff Thomas Fletcher for the CBL Policies he issued or that were issued by other agents on his behalf.

*Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd.*

97.    Plaintiff Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd. was a PFC/CBL Contract Holder in that it was an IMO in relation to CBL/PFC.

98.    Plaintiff Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd. and PFC for the benefit of PFC and CBL.

99.    Plaintiff Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd., through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

100.    Plaintiff Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd.

101.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Certified Financial Services Inc. f/k/a Fletcher & Associates Ltd. for the CBL Policies issued, sold, or serviced on its behalf.

*America's Health Care/RX Plan Agency, Inc.*

102.    Plaintiff America's Health Care/RX Plan Agency, Inc. was a PFC/CBL Contract

16

Holder in that it was an IMO in relation to CBL/PFC.

103.    Plaintiff America's Health Care/RX Plan Agency, Inc. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between America's Health Care/RX Plan Agency, Inc. and PFC for the benefit of PFC and CBL.

104.    Plaintiff America's Health Care/RX Plan Agency, Inc., through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

105.    Plaintiff America's Health Care/RX Plan Agency, Inc. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to America's Health Care/RX Plan Agency, Inc.

106.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff America's Health Care/RX Plan Agency, Inc. for the CBL Policies issued, sold, or serviced on its behalf.

*Michael Nordquist*

107.    During all relevant times, Plaintiff Michael Nordquist was a PFC/CBL Contract Holder in that he was an IMO for PFC/CBL.

108.    Plaintiff Michael Nordquist solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

109.    Plaintiff Michael Nordquist was appropriately paid commissions for the CBL Policies he solicited, negotiated, sold, issued, and/or serviced throughout the entirety of his

17

relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to him.

110.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Michael Nordquist for the CBL Policies he issued or that were issued by other agents on his behalf.

*Consolidated Financial Group, LLC*

111.    Plaintiff Consolidated Financial Group, LLC is a limited liability company organized under the laws of the state of Nevada who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between itself and PFC for the benefit of PFC and CBL.

112.    Plaintiff Consolidated Financial Group, LLC was a PFC/CBL Contract Holder in that it was an IMO in relation to CBL/PFC.

113.    Plaintiff Consolidated Financial Group, LLC was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between Consolidated Financial Group, LLC and PFC for the benefit of PFC and CBL.

114.    Plaintiff Consolidated Financial Group, LLC, through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

115.    Plaintiff Consolidated Financial Group, LLC was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and

18

owed to Consolidated Financial Group, LLC.

116.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Consolidated Financial Group, LLC for the CBL Policies issued, sold, or serviced on its behalf.

*Benefits for America Insurance Services, Inc.*

117.    Plaintiff Benefits for America Insurance Services, Inc. is a limited liability company organized under the laws of the state of Alabama who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between itself and PFC for the benefit of PFC and CBL.

118.    Plaintiff Benefits for America Insurance Services, Inc. was a PFC/CBL Contract Holder in that it was a GA in relation to CBL/PFC.

119.    Plaintiff Benefits for America Insurance Services, Inc. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between Benefits for America Insurance Services, Inc. and PFC for the benefit of PFC and CBL.

120.    Plaintiff Benefits for America Insurance Services, Inc., through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

121.    Plaintiff Benefits for America Insurance Services, Inc. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to Benefits for America Insurance Services, Inc.

19

122.    PFC and Lindberg have no lawful basis to avoid paying the commissions to Plaintiff Benefits for America Insurance Services, Inc. for the CBL Policies issued, sold, or serviced on its behalf.

_Plan America Financial Services, Inc._

123.    Plaintiff Plan America Financial Services, Inc. is a limited liability company organized under the laws of the state of Florida who, during all relevant time periods, was duly authorized to sell insurance policies issued by CBL pursuant to a contract between itself and PFC for the benefit of PFC and CBL.

124.    Plaintiff Plan America Financial Services, Inc. was a PFC/CBL Contract Holder in that it was an IMO in relation to CBL/PFC.

125.    Plaintiff Plan America Financial Services, Inc. was, during all relevant time periods, duly authorized to, through its agents and independent contractors, sell or issue insurance CBL Policies pursuant to a contract between Plan America Financial Services, Inc. and PFC for the benefit of PFC and CBL.

126.    Plaintiff Plan America Financial Services, Inc., through its insurance agents and independent contractors, issued, solicited, negotiated, sold, and serviced numerous CBL Policies for the benefit of CBL and PFC.

127.    Plaintiff Plan America Financial Services, Inc. was appropriately paid commissions for the CBL Policies solicited, negotiated, sold, issued, and/or serviced by its agents and independent contractors throughout the entirety of its relationship with CBL and PFC until July of 2019. Beginning in July of 2019, CBL and PFC stopped paying commissions properly due and owed to Plan America Financial Services, Inc.

128.    PFC and Lindberg have no lawful basis to avoid paying the commissions to

Plaintiff Plan America Financial Services, Inc. for the CBL Policies issued, sold, or serviced on its behalf.

129.     Plaintiffs and all others similarly situated have earned significant commissions that remain due and owed. Although these commissions have been earned, they have not been paid to Plaintiffs or all others similarly situated.

130.     Plaintiffs and all others similarly situated have complied with all obligations to earn and be entitled to payment of their commissions.

131.     Notwithstanding the same, none of the commissions that are due and owed to Plaintiffs and all others similarly situated have been paid.

132.     Upon information and belief, both PFC, CBL, and Lindberg in this matter had the actual and apparent authority and ability to pay the commissions to Plaintiffs and putative class members but elected not to do so.

133.     When Plaintiffs have inquired about the payment of earned commissions, PFC and its agents inform them that the commissions are continuing to accrue and will be paid. Notwithstanding the same, nothing has been paid to date for any commissions earned from July 2019 through the present.

## COMMON CLASS ALLEGATIONS

134.     The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

135.     Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, Plaintiffs brings this action individually and on behalf of the two proposed Classes:

**The PFC/CBL Contract Holders Class:**

All persons or entities who (a) at any point during the three (3) year period of time preceding the date of the filing of this Complaint through the present, (b) had a

contract with PFC/CBL related to CBL Policies, (c) earned commissions for the issuance, selling, or servicing of CBL Policies, (d) but have not been paid those commissions on behalf of themselves and the agents acting on their behalf.

136.    Excluded from the proposed Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) PFC, CBL, and any entity in which PFC or CBL has a controlling interest in PFC or CBL and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the proposed Classes.

137.    *Commonality*: All questions concerning the relevant commission policies are common. Whether PFC/CBL and Lindberg owe, or are required to pay commissions to the PFC/CBL Contract Holders are common. Each and every member of the proposed Classes is subject to the relevant policies and procedures. Further, the answer to this question will drive other answers in the litigation, including whether the nonpayment of commissions violates the terms of the PFC/CBL Contract Holders contracts.

138.    *Predominance*: Common questions of law and fact predominate over any individual issues that may be presented, because PFC and CBL have a pattern, practice and policy of failing to pay PFC/CBL Contract Holders owed commissions. These questions include, but are not limited to:

        a.    Whether Lindberg is individually responsible for PFC's obligations based on a theory of corporate veil piercing;

        b.    Whether PFC, and its sole owner Lindberg, have any lawful basis to avoid paying commissions to Plaintiffs and putative class members;

        c.    Whether PFC's failure to pay commissions to Plaintiffs and putative class members constitutes a breach of contract;

        d.    Whether PFC, and its sole owner Lindberg, have been unjustly enriched

22

by failing to pay commissions to Plaintiffs and putative class members;

e.      What is the proper measure of damages sustained by members of the putative classes.

139.    *Numerosity*: The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are readily identifiable through the business records maintained by PFC and CBL, and may be notified of the pendency of this action by published and/or mailed notice. Upon information and belief, members of the proposed Classes include hundreds of present and former PFC/CBL Contract Holders who had their earned commissions lawfully withheld.

140.    *Typicality*: Plaintiffs' claims are typical of the claims of the proposed Classes and all are based on the same facts and legal theories, as all such claims arise out of PFC, CBL, and Lindberg's conduct in that PFC/CBL, through its sole owner Lindberg, had a specific policy to withhold earned commissions.

141.    *Adequate Representation*: Plaintiffs are adequate representatives of the proposed Classes in that they do not have antagonistic or conflicting claims with other members of the class. Plaintiffs have also retained counsel experienced in the prosecution of complex class action litigation. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. Plaintiffs are aware of the responsibilities to the putative class and have accepted such responsibilities.

142.    *Superiority*: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiffs anticipate no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication,

economies of scale and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Breach of Contract

143.   All paragraphs of this complaint are incorporated herein as if fully restated.

144.   There exist valid and enforceable contracts between Plaintiffs/the class members and PFC for the payment of commissions in exchange for the sale of insurance products.

145.   Those contracts were supported by consideration and valid in all respects.

146.   For many years, the Plaintiffs and the class members sold insurance products and received commissions from PFC pursuant to those contracts.

147.   In July of 2019, PFC stopped paying Plaintiffs and the class members the commissions that they had earned and were owed.

148.   There is no justification, under the contracts or otherwise, for PFC's failure to pay the commissions owed to Plaintiffs and the class members.

149.   PFC's failure to pay commissions to Plaintiffs and the class members constitutes a material breach of those contracts.

150.   Plaintiffs and the class members have been damaged by PFC's breach of contract by at least the amount of commissions that were earned and are owed and PFC failed and refused to pay, which is in excess of $25,000.

151.   Lindberg operated PFC as a pure shell for entering into contracts; PFC never had the ability to fulfill its obligations under these contracts on its own. Accordingly, Lindberg is responsible for fulfilling PFC's obligations as its sole owner.

## SECOND CAUSE OF ACTION
### Alternative Claim for Unjust Enrichment

152.   All paragraphs of this complaint are incorporated herein as if fully restated.

153.    At the specific request of PFC and for its use and benefit, Plaintiffs and the class members have performed work for PFC, and its sole owner Lindberg, in the form of making sales of insurance products.

154.    During and since the performance of work by Plaintiffs and the class members, PFC, and its sole owner Lindberg, has failed to pay them and there is due and owing to Plaintiffs and the class members from Lindberg, a principal sum amount of over $25,000.

155.    As a result of PFC's refusal to pay Plaintiffs and the class members the above-stated sum due and owing to them, PFC's sole owner Lindberg has become unjustly enriched in the amount of at least $25,000.

### THIRD CAUSE OF ACTION
### Alternative Claim for Quantum Meruit

156.    All paragraphs of this complaint are incorporated herein as if fully restated.

157.    Plaintiffs and the class members rendered valuable consideration to PFC, and its sole owner Lindberg, in the form of work performed to sell insurance products for PFC, for which they have not been paid. The consideration has a reasonable value of over $25,000, although the exact amount is for the jury.

158.    At the time that Plaintiffs and the class members performed the work, they reasonably expected to be paid by PFC. Lindberg, as the sole owner of PFC, received and benefitted from the work with knowledge or reason to know that Plaintiffs and the class members expected to be paid. Lindberg, as the sole owner of PFC, voluntarily accepted the benefit of the work and kept the benefits therefrom without waiving, refusing, or returning the benefit.

159.    Plaintiffs and the class members are entitled under the doctrine of quantum meruit to recover damages in the amount of at least $25,000.

## FOURTH CAUSE OF ACTION
**Piercing the Corporate Veil**

160.   Plaintiffs reallege and incorporates by reference herein the paragraphs above as if fully set forth herein.

161.   Lindberg exercised complete domination and control over the business practices and decisions of PFC, including its parent- and/or sub-entities. PFC had no separate will or existence of its own and served as the mere instrumentality and/or alter ego of Lindberg.

162.   Lindberg used such dominion and control to engage in the wrongful acts described above and below.

163.   PFC, through Lindberg, failed to abide by corporate formalities and implement formal accounting systems and processes, intermingled funds, used funds for Lindberg's own purposes and benefit, and were treated by Lindberg as a single enterprise.

164.   PFC, through Lindberg, failed to observe corporate formalities and utilized PFC to perform services for Defendant and those related or directed by him.

165.   PFC is inadequately capitalized and is not sufficiently capitalized to pay damages to Plaintiffs.

166.   Lindberg and PFC abused the corporate form in contravention of Plaintiffs' legal rights, proximately causing injury to Plaintiffs.

167.   Plaintiffs seek a declaration that Lindberg and PFC are alter egos of one another.

168.   Plaintiffs seek a declaration that Lindberg is personally liable for the debts and liabilities of PFC in this action, and that Lindberg liable for the debts and liabilities of PFC in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Classes pray the Court for the following relief:

1.      That the Court certify the Classes pursuant to Rule 23 of the Federal Rules of

        Civil Procedure;

2.      That the Court name Plaintiffs as Class Representatives and their counsel as

        Class Counsel;

3.      That the Court grant restitution to Plaintiffs and the Classes and require Lindberg

        to disgorge ill-gotten gains and monies by which it was unjustly enriched;

4.      That Plaintiffs and the Classes are awarded the ability to seek from Lindberg any

        damages which would be due and owing against PFC as its alter-ego and

        instrumentality, such that any corporate veil is pierced;

5.      That the Court award attorneys' fees to Plaintiffs and the Classes;

6.      That the Court award Plaintiffs and the Classes pre-judgment and post-judgment

        interest at the highest legal rate provided by law;

7.      That all costs of this action be taxed against Lindberg; and

8.      That the Court award Plaintiffs and the Class such other and further relief as this

        Court may deem just and proper.

9.      PLAINTIFFS DEMAND A TRIAL BY JURY.


Respectfully submitted, this the 23rd day of June, 2022

                                        **MILBERG COLEMAN BRYSON**
                                        **PHILLIPS GROSSMAN, PLLC**

                                        */s/ Matthew E. Lee*
                                        Matthew E. Lee
                                        N.C. State Bar No. 35405
                                        Mark R. Sigmon
                                        N.C. State Bar No. 37762

Jeremy R. Williams
N.C. State Bar No. 48162
Jacob M. Morse
N.C. State Bar No. 52302
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
mlee@milberg.com
msigmon@milberg.com
jwilliams@milberg.com
jmorse@milberg.com

**MAGINNIS HOWARD**

Edward H. Maginnis
N.C. State Bar No. 39317
Karl S. Gwaltney
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Telephone: 919-526-0450
Fax: 919-882-8763
emaginnis@maginnishoward.com
kgwaltney@maginnishoward.com

*Attorneys for Plaintiffs*