IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES JORDAN, et al, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PREFERRED FINANCIAL CORPORATION, LLC, and GREG E. LINDBERG, <br><br> Defendants. | 1:21-CV-914 and 1:22-cv-483 <br><br><br> **DEFENDANT'S BRIEF IN SUPPORT OF PROPOSED CLASS NOTICE** |

## 1. NATURE OF THE MATTER BEFORE THE COURT

Pursuant to the Court's Order (Doc. 44) granting Plaintiffs' Motion for Class Certification, Defendant submits this brief in support of proposed class notice and requests that the Court adopt the notices attached hereto this Brief. *See* Exhibits A and B. The parties jointly propose a short-form notice (Ex. A) to be mailed to potential class members. However, the Parties have been unable to agree to the form of a long-form notice. Therefore, Defendants submit their own version of long-form notice for the Court's consideration. (Ex. B). Defendants request that both Exhibit A and Exhibit B be made available on a class notice website along with other important documents and information including the operative complaints, Defendants' answers, the Court's orders on Defendant Lindberg's Motion to Dismiss and class certification, and a request to be excluded from the class or "opt out."

27890300v2 92132.150.01

## 2.  STATEMENT OF THE FACTS

On December 21, 2022, the Court granted class certification in the consolidated case

for the following class:

> All persons or entities who (a) at any point after June 27, 2019, through the
> present, (b) had a contract with Preferred Financial Corporation, LLC, related
> to Colorado Bankers Life Insurance Company policies, (c) earned
> commissions for the issuance, selling, or servicing of CBL policies, (d) but
> have not been paid those commissions on behalf of themselves and the agents
> acting on their behalf in breach of their contracts with Preferred Financial
> Corporation, LLC.

*See* Doc. 44 at 16.  The Court also ordered the parties to meet and confer and file a joint

submission on class notice containing an agreed-upon proposed notice and brief in support.

Doc. 44 at 17. The parties exchanged drafts and edits of both a proposed long-form and

short-form notice, resulting in the narrowing of issues. Ultimately, the parties were able to

agree upon the content of the proposed short form notice, but not the long-form notice.

## 3.  QUESTIONS PRESENTED

1.  Should the Court adopt the agreed to short-form notice?

2.  Should the Court adopt Defendants' proposed long-form notice?

## 4.  ARGUMENT

Rule 23 requires that for any class certified under Rule 23(b)(3), "the court must

direct to class members the best notice that is practicable under the circumstances,

including individual notice to all members who can be identified through reasonable

effort." Fed. R. Civ. P. 23(c)(2)(B). Class members in a Rule 23(b)(3) class are required to

receive notice in order to satisfy due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S.

797, 811–12 (1985). "The notice may be by one or more of the following: United States

27890300v2 92132.150.01

mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23 advisory committee note to 2018 amendment ("the amended rule relies on courts and counsel to focus on the means or combination of means most likely to be effective in the case before the court. When exercising judicial discretion, courts are guided by the overall purpose that notice provides to a certified class: "[t]he ultimate goal of giving notice is to enable class members to make informed decisions about whether to opt out…" *See* Fed. R. Civ. P. 23 advisory note, *supra*.

In terms of content, "the notice must clearly and concisely state in plain, easily understood language":

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id*.

The parties' agreed short-form notice and Defendants' long-form notice meets the requirements of Rule 23(c)(2)(B). Defendant agrees to a hybrid class notice that includes a direct-mail notification (*see* Exhibit A) and a longer, more-detailed question-and-answer format that is available (along with other key documents) at a dedicated class website. *See* Exhibit B. Together, this provides the best notice practicable under the circumstances and is set out in plain, easily understood language. Defendants' notices are designed to meet the requirements of due process, elevate clarity, and avoid legal jargon, while also

27890300v2 92132.150.01

providing Plaintiffs with a realistic view of their case, to include elements of Plaintiffs veil-piercing claim.

Defendants' proposed long-form notice is superior to Plaintiffs proposal in that it advises the potential Plaintiffs' of issues which will have to be decided in order for them to recover, such as: (1) advising them of the potential that the Court may determine that the Plaintiff did not have a contract with one or more of the Defendants; (2) that, in order to recover against Mr. Lindberg, Plaintiffs will need to demonstrate a lack of corporate formalities, and (3) Plaintiffs may not be entitled to recovery if one or more of the Defendants were justified in their actions. Additionally, Defendants' proposal includes language which makes clear that, at this stage, the pleading contains mere allegations, and that no element of the case has been proven.

The parties propose to send all potentially known class members a short-form notice which alerts class members that they could be part of a certified class and directs them to a website, which houses the long-form notice but also pertinent case documents and information. Defendants take no dispute with this method, but simply request that Defendants' version of the long-form notice be adopted by this Court.

<strong><u>CONCLUSION</u></strong>

Accordingly, Defendants request the Court adopt their jointly proposed Exhibit A as the short-form notice and adopt Defendants' Exhibit B as the proposed long-form notice as outlined above.

This the 13th day of January, 2023.

4

27890300v2 92132.150.01

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**

*/s/ Kendal B. Reed*
Aaron Z. Tobin
N.C. Bar No. 50019
atobin@condontobin.com
Kendal B. Reed
Admitted via Special Appearance
kreed@condontobin.com
8080 Park Lane, Ste. 700
Dallas, Texas 75231
Telephone: 214.265.3800
Facsimile: 214.691.6311

**FOX ROTHSCHILD LLP**
Matthew Nis Leerberg
N.C. Bar No. 35406
mleerberg@foxrothschild.com
Troy D. Shelton
N.C. Bar No. 48070
tshelton@foxrothschild.com
434 Fayetteville St., Ste. 2800
Raleigh, North Carolina 27601
Telephone: 919.755.8700
Facsimile: 919.755.8800

*Counsel for Defendants*

## CERTIFICATION OF WORD COUNT

Counsel for Defendants hereby certifies that its Brief in Support of Proposed Class Notice does not exceed 6,250 words and complies with Local Rule 7.3(d).

Respectfully submitted this the 13th day of January 2023.

*/s/ Kendal B. Reed*
Kendal B. Reed

27890300v2 92132.150.01